UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AHMAD R. BARAT,

Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

No. C 09-02536 MHP

**ORDER DENYING MOTION FOR LEAVE**

Defendant filed a Rule 59(e), Federal Rule of Civil Procedure, motion on July 14, 2011 and then a motion for leave to file the motion on July 21, 2011. Rule 59(e) motions are required to be filed no later than 28 days after entry of judgment. Judgment in this case was entered on June 17, 2011. Technically the original motion was timely filed. However, this court's Civil Local Rule 7-9 requires that before a motion for reconsideration may be filed the moving party must obtain leave to file the motion. Leave was not obtained and was not sought until after the 28-day period had expired. The court could, perhaps, resolve the issue on this technicality; however, it looks beyond that to decide as set forth below.

This Circuit has held that Rule 59(e) motions should be granted sparingly and "the district court enjoys considerable discretion in granting or denying the motion". *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)(quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)(en banc). Although the Rule does not specify the grounds upon which the motion may be made, courts have recognized four viable grounds: (1) to correct manifest errors of law or fact; (2) to allow newly discovered evidence; (3) to prevent manifest injustice; or (4) to consider intervening

1 | changes in controlling law. *McDowell*, 197 F.3d at 1255.

2 |     Defendant cites no intervening law and merely reargues the case law discussed in its memorandum in support of its cross-motion and opposition to plaintiff's motion for summary judgment. No new evidence is presented. Essentially, defendant argues manifest errors and injustice as the bases of it Rule 59(e) motion. In fact, it is merely rehashing its earlier arguments with a bit more gloss. This is not sufficient to sustain the motion nor to grant leave to consider it. Rule 59(e) motions, like motions for reconsideration, must be something more than a Pavlovian response to an unfavorable decision. Certainly, no manifest injustice is done by remanding the matter to the Administrative Law Judge. Accordingly, the motion for leave to file a Rule 59(e) motion is DENIED.

IT IS SO ORDERED.

Date: August 29, 2011

United States District Judge